# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

PAUL ROPPOLLO
   PLAINTIFF

VS.

JAMES YATES, (WARDEN)
MENTAL HEALTH ADMINI-
STRATION, U/M MARTINEZ
U/M MS ADEA

   DEFENDANT(S)

CIV 19-127 JHP

CASE NO. _____

**FILED**

APR 2 2 2019

PATRICK KEANEY
Clerk, U.S. District Court
By _____ Deputy Clerk

## PETITION FOR 1983 CIVIL ACTION
### PLAINTIFF PROCEEDS PRO SE

COMES NOW, PLAINTIFF HUMBLY BEFORE THIS HONORABLE COURT SEEKING REDRESS OF HIS CONSTITUTIONAL VIOLATIONS IN HIS 1983 CIVIL ACTION PERSUANT TO 42. U.S.C. § 636

PLAINTIFF BRINGS THIS ACTION BEFORE THIS HONORABLE COURT HAVING FIRST EXHAUSTED ALL AVAILABLE REMEDIES UNDER THE ADMINISTRATION OF THE (DCF) "DAVIS CORRECTIONAL FACILITY" IN HOLDENVILLE, OKLA, BY WAY OF "OFFENDERS REQUEST", "REQUEST TO STAFF," AND "GRIEVANCE FORM" PROCESS.

PLAINTIFF SUBMIT TO THIS HONORABLE COURT HIS EX-HAUSTIVE CAMPAIGNS FOR APPROPRIATE MENTLE HEALTH

(1)

THERAPY WHEREBY HE MIGHT RECIEVE APPROPRIATE TREATMENT AND COUNSELING RENDERING HIM A MORE ADAPTIVE AND SOCIALLY FUNCTIONING INDIVIDUAL. JURISDICTION IS ASSERTED PURSUANT TO 42.USC§ 1983 AND 28 USC.§ 1343(a)(3)

## (STATEMENT OF FACTS)

PLAINTIFF, PAUL ROPOLLO WAS CONVICTED OF KIDNAPPING AND BATTERY WITH A DANGEROUS WEAPON, BOTH AFTER FORMER CONVICTIONS OF THREE PRIOR FELONY CONVICTIONS. (SEE ATTACHMENTS MARKED AS EXHIBITS (EX 1-4). HE WAS FOUND GUILTY BY A JURY FOR THE ACTS STATED ABOVE. PRIOR TO HIS INCARCERATION, PLAINTIFF WAS ISSUED AND PROVIDED MEDICAID COUNSELING FOR SUCH MENTAL THERAPY ONCE EVERY TWO WEEKS.[2]

PLAINTIFF HAS BEEN INCARCERATED NEARLY (9) YEARS AT LAWTON CORRECTIONAL CENTER, OKLAHOMA STATE REFORATORY, JOHN CRABTREE CORRECTIONAL CENTER, DICK CONNER CORRECTIONAL CENTER, JOHN LILLEY (CC) AND MACK ALFORD (CC) AND DCF.

PLAINTIFF WOULD LIKE TO RECIEVE MENTLE HEALTH CARE LIKE THE "ODOC" DESCRIBES ON ITS WEBPAGE : "THE (ODOC) HAS DEVELOPED A RECOVERY MODEL OF MENTAL HEALTH SERVICES THAT PROVIDES AN INTEGRATED SYSTEM OF MENTLE HEALTH CARE ALLIGNED WITH GOOD CORRECTIONAL MANAGEMENT DESIGNED TO IMPOWER OFFENDERS WITH MENTLE ILLNESS TO ATTAIN INDIVIDUAL'S MAXIMUM LEVEL OF CRIME-FREE EMPLOYMENT, SELF-CARE, INTERPERSONAL RELATIONSHIPS AND COMMUNITY PARTICIPATION."

PLAINTIFF SUBMITS HE HAS BEEN DIAGNOSED WITH MULTIPLE DISORDERS: BI-POLAR, PTSD, ANTI-SOCIAL DISORDERS, AND ANXIETY. PLAINTIFF IS NOT RECEIVING PROPER TREATMENT FOR THESE DISORDERS AND IS SUFFERING SEVERELY WITH CLAUSTROPHOBIA, PANIC ATTACKS, COLD SWEATS AT NIGHT AND MUSCLE CRAMPS/CONTRACTIONS, NAUSEA AND LOSS OF APPETITE. THESE CAN GO ON DAYS AT A TIME WHEN THESE ATTACKS OCCUR.

During this time the ODOC nor defendants named in this action has done little to treat plaintiff for his above referenced mentle health conditions and disorders. These mentle health conditions are exacerbated by conditions of confinement described herein.

## Cause of Action / Arguments and Authorities

This action arises from the direct involvement of the above named defendants for negligence, deliberate indifference, and cruel and unusual punishment in violation of petitioners eigth amendment right to proper mentle health treatment afforded and guaranteed by the U.S.C. and as outlined in the section-14 Health Services Operational Policy - OP-140201 page(1)(B)(a): Access to appropriate levels of impatient/outpatient mentle health services, including crisis intervention, available elective therapy treatment, stabalization for prevention of deterioratating or harmful behavior, and appropriate medications. (4-4368M, b# 2,3,4,5, 4-4374)

Intake evaluations are nothing more than reviewing the mentle health system, but no progressive treatment plan is or, has been developed. The (ODOC) operations procedure (140201) states a mentle health patient is to receive evaluation at every facility he/she is being housed to determine if that facility has the capability to treat the received individual.

Plaintiff asserts that at every reception to a different correctional center he has asked, begged, and pleaded for help and counseling to no avail. He has stated the things he has been suffering because of his mentle health illness and requested staff to formulate a more progressive treatment plan and determination of what resources are available.

The DOC/DCF mentle health has provided "telehealth" visits

with a psychiatric provider for these visits which usually last 10-15 minutes. Plaintiff is asked a few standard questions by either the provider or the mentle health professional and then the "brush-off". No counseling or therapy. What plaintiff is receiving should not be considered care.

When plaintiff is suffering a paranoia or panic attack, there is usually no chance to speak with someone. If someone is available to speak with, they tell him it's not "life-threatening", they do not have time.

Plaintiff ask this honorable court how can mentle health providers be helpful if every time counseling is requested, he is either threatened with RHU (lockup) or with being shipped. (all three have happened)

Plaintiff has suffered from a lack of appropriate mentle health treatment which he desperately needs. He has had no treatment to resolve the issues at hand. Plaintiff fears that as long as he is incarcerated that he will not receive the mentle health treatment needed and his reintegration back into society will be, in essence, a slippery slope ultimately leading him into the throes of imprisonment.

Plaintiff desires to address the mentle health needs while in prison before his release.

The defendants' "request to staff" and/or "administrative grievance procedure are ineffective and inefficient. These proceedures are used in such a way\manner that resolution of grievance is thwarted, hindered or impeded and efforts of resolution are effectively curtailed as well as exhaustion of administrative remedies. Plaintiff looks to administration for leadership and guidance but can not get remedy.

Every time plaintiff attempt to utilize the administrative grievance process to present his mentle health complaints the plaintiff is viewed as combative, rather than helping to resolve the issue at hand. This causes additional unnecessary mentle anguish on plaintiff which he does not need or is mentally capable of handling.

" A person having a 'serious medical need' triggers an analysis under Estelle v. Gamble, 429 U.S. 97, 104,; which provides that deliberate indifference to that serious medical need violates the 8th amendment based on cruel and unusual punishment.

(4)

Cases like Bowring, 551 F.2d 44, 47 (4th Cir. 1997) have extended this rule to require psychiatric treatment. Also see Gibson v. Co. of Washoe, 290 F.3d 1175, 1147 (9th Cir. 2002) "the duty to provide medical care encompasses detainees psychiatric needs", citing Patridge v. Two Unknown Policy Holders, 791 F.2d 1192, 1147 (5th Cir. 1986) "A serious medical need may exist for psychology or psychiatry needs just as it may exist for physical illness.

Plaintiff suffers from claustrophobia, nightmares, anxiety/panic attacks, and paranoia due to multiple failures and callous indifference of the above named defendants and their blatant disregard for his wellbeing. Plaintiff is simply requesting appropriate level treatment, therapy that will ultimately address his underlying mentle health illness and follow-through that will ensure he is fit for his eventual release.

Presently he is locked in a 'maximum'-segregated housing unit, threatened with being shipped to another facility, or, just shipping plaintiff as a means of getting rid of the problem instead of treating it.

In closing, plaintiff's request is to receive mentle health counseling and therapy sessions so that he can return to society as a contributing citizen. Plaintiff is entitled to mental health counseling in order to address his mentle health issues and to send a clear message to the defendant(s) that the state of Oklahoma needs to address the Eighth Amendments rights for Oklahoma citizens.

Furthermore, the court will take note that plaintiff is being represented in these proceedings by jailhouse lawyer, 'Marcus L. Cargle, 202365, who is a layman at bar unaided by degree, staff, resources, act, and duly acknowledges this endeavor falls outside his expertise. Due to the complexities inherent in these proceeding, plaintiff humbly and urgently request this honorable court grant representation of counsel and to find it in the interest of justice this matter be heard in its entirety whereby plaintiff might have his right to equal protection under the Eighth Amendment redressed.

Sincerely,
Paul Ropollo #600968
Marcus Cargle 202365

(5)