# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

### PRO SE PRISONER CIVIL RIGHTS COMPLAINT

**FILED**

APR 17 2020

~~PATRICK KEANY~~
~~Clerk U.S. District Court~~
~~By~~ Deputy Clerk

PAUL ROPPOLO

*Plaintiff's full name (Please print)*

**v.**

JAMES YATES, et al.,

*Defendant(s)' full name (Please print)*
Defendants,

" See Attached "

*For additional names please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV, pursuant to Fed. R. Civ. P. 10(a).*

Case No. 19-CV-127-RAW-SPS
*(To be filled out by Clerk's Office only)*

PLAINTIFF'S
AMENDED COMPLAINT

(10)TEN CLAIM COUNT(S)

(13) THIRTEEN DEFENDANT(S)

JURY TRIAL DEMANDED

---

**NOTICE**

*Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 address the privacy and security concerns resulting from public access to electronic court files. Under these rules, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.*

***Each claim you raise must be properly exhausted.*** *If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. 1997e(a).*

***Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.***

---

COMPRISED OF 96 PAGES

## I.     JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

☑    42 U.S.C. § 1983 (state, county, or municipal defendants)

☐    Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.    PLAINTIFF INFORMATION

Paul   Roppolo                                      N/A
*Full name*                                         *Aliases*

600968
*Prisoner ID #*

Cimarron  Correctional  Facility
*Place of Detention/Incarnation*

3200  S. Kings  Highway
*Institutional Address*

Cushing           Oklahoma          74023
*City*             *State*           *Zip Code*

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐    Pretrial detainee
☐    Civilly committed detainee
☐    Immigration detainee
☑    Convicted and sentenced state prisoner
☐    Convicted and sentenced federal prisoner

Rev. 07/2019                                                    2

## IV.   DEFENDANT(S)' INFORMATION

*List the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained on the first pate. Attach additional sheets of paper as necessary. Do not write on the backs of any additional sheets. See Local Civil Rule 5.2(a).*

Defendant 1: JAMES YATES
Full Name

Warden, Correctional Corporation of America, Davis Corr. Facility
Current Job Title

Davis Correctional Facility, 6888 East 133rd Road
Current Work Address

Holdenville , Oklahoma        74848
City          State          Zip Code

Defendant 2: Ms. (FIRST NAME UNKNOWN). ADEA
Full Name

Unit Manager, Supermaximum Segregation Security Unit
Current Job Title

Davis Correctional Facility, 6888 East 133rd Road
Current Work Address

Holdenville , Oklahoma        74848
City          State          Zip Code

Defendant 3:   RAY LARIMER
_Full Name_

Health Service Administrator, Davis Corr. Facility
_Current Job Title_

Davis Correctional Facility, 6888 East 133rd Road
_Current Work Address_

Holdenville , Oklahoma        74848
_City_                _State_            _Zip Code_


Defendant 4:   SANDRA SANFORD
_Full Name_

Mental Health Coordinator- Counselor, D.C.F.
_Current Job Title_

Davis Correctional Facility, 6888 East 133rd Road
_Current Work Address_

Holdenville , Oklahoma        74848
_City_                _State_            _Zip Code_


Defendant 5:   Lt. (FIRST NAME UNKNOWN) SANDERS
_Full Name_

Lieutenent At Mack Alfred Correctional Facility(Stringtown)
_Current Job Title_

Mack Alfred Correctional Facility, P.O. Box 220
_Current Work Address_

Stringtown , Oklahoma    74569
_City_                _State_            _Zip Code_


Rev. 07/2019                                                4

## V.   STATEMENT OF CLAIMS

**A. Claim 1** DELIBERATELY INDIFFERENT DENIAL OF ADEQUATE MENTAL HEALTH CARE OF PRISONER'S SERIOUS MENTAL HEALTH NEEDS

Date(s) of occurrence: From January 2016 unto Today's Date

Place(s) of occurrence: Most Recently, Mack Alfred Correctional Facility, DAVIS CORR. FACILITY and CIMARRON CORR. FACILITY

*State which of your federal constitutional or federal statutory rights have been violated:*

Violation Of The 8TH Amendment - Cruel And Unusual Punishment

*Briefly state the FACTS that support your case. Provide **a short and plain statement** of how each named defendant was personally involved in the violation of your constitutional rights and why you are entitled to relief from each named defendant. See Fed. R. Civ. P. 8(a). Do not cite case law.*

**FACTS:** I suffer from severe manic-depressive bipolar disorder which is a serious mental health disorder, in which I am pre-scribed medication for treatment. Defendants SANFORD and LARIMER are two recent mental health staff whom would make inadequate contact with me for only one to three minutes, refusing to actually conduct counseling therapy upon me, and refusing to prescribe me medication to alleviate my mental disorder(s).

**B. Claim 2** UNLAWFUL RETALIATION AGAINST PRISONER FOR EXERCISING THE RIGHT OF FREE SPEECH AND ACCESS TO THE COURTS

Date(s) of occurrence: Ongoing From January 2017 Unto Today's Date.

Place(s) of occurrence: Most Recently, Mack Alfred Correctional Facility, DAVIS CORR. FACILITY, and CIMARRON CORR. FACILITY

*State which of your federal constitutional or federal statutory rights have been violated:*

Violation Of The 1ST Amendment And 14TH Amendment

**FACTS:** Defendants YATES, BROWN, ADEA, SANDERS, KNIGHT, GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC, "Def. 12", "Def. 13", adversely reacted to myself via CLAIM COUNT(S)-(3)(4)(5)(6)(7)(8)(9)(10), in an unlawful response to my constitutionally protected conduct of my filing grievance(s) and allowing my friends to record my prison phone telephone conversations where I would voice my complaint(s) about such inadequate mental health care provided by D.O.C. staff.

**C. Claim 3** MALICIOUS FALSIFICATION OF INCIDENT REPORT(S) AND MISCONDUCT RULE VIOLATION REPORT(S)

Date(s) of occurrence: 11/2017, 01/2019, 02/2019, 03/2019, 04/2019, 05/2019

Place(s) of occurrence: Mack Alfred Correctional Facility; DAVIS CORR. FACILITY

*State which of your federal constitutional or federal statutory rights have been violated:*

Violation OF The 14TH Amendment - Deliberately Indifferent Denial OF Due Process

**FACTS:** Defendants SANDERS and ADEA knowingly directed and approved for multiple falsified/unwarranted misconduct report(s) to be written against myself, in their adverse reaction to my constitutionally protected conduct outlined in CLAIM COUNT (2).

---

**D. Claim 4** UNLAWFUL CLASSIFICATION PLACEMENT OF PRISONER WITH SERIOUS MENTAL HEALTH DISORDER AT SUPERMAXIMUM SECURITY PRISON

Date(s) of occurrence: 12/2017 until 07/2019

Place(s) of occurrence: Davis Correctional Facility, Supermaximum Security Segregation Unit, Holdenville Oklahoma.

*State which of your federal constitutional or federal statutory rights have been violated:*

Violation OF The 8TH Amendment - Cruel And Unusual Punishment
Violation OF The 14TH Amendment - Deliberate Indifferent Denial OF Due Process

**FACTS:** Defendants SANDERS, 'Def. 12', 'Def. 13', ADEA, YATES, ALLBAUGH, ANDERSEN, SANFORD, LARIMER, CORE CIVIC, BROWN all beforehand knew that it was/is unlawful to place a prisoner with severe manic-depressive bipolar disorder at a highly restrictive Supermaximum Security Segregation Unit. However, all of these defendants knew I suffered from this disorder, yet they all directed or approved and/or knowingly allowed me to be housed Supermaxim for 18 months.

(ADDITIONAL LIST OF DEFENDANT(S), AND ADDITIONAL CLAIM COUNT(S), AND ADDITIONAL DECLARATION(S) ATTACHED AS A PART OF THIS COMPLAINT, WITH ATTACHMENT EXHIBITS (A)(B)(C))

Rev. 07/2019

6

## VI.   RELIEF REQUESTED

*Briefly state what you want the Court to do for you. Do not make legal arguments or cite cases or statutes.*

Upon all claim count(s), I request the Court to order each of the defendants to pay the plaintiff $10,000,000.00 (ten million dollars) in actual, compensatory, and punitive damages. I also request injunctory relief to order the defendants to hire more mental health staff and to implement a reformed, more rigorous training of such mental health staff. I request mental health staff be ordered to counsel prisoner for time period(s) of at least 30 minutes to one hour, per visit.

## VII.   PRISONER'S LITIGATION HISTORY

*The "Three Strikes Rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

Have you brought any other lawsuits in federal court while a prisoner?   ☑ Yes   ☐ No

If yes, how many?   (1) One

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)
- Did the court assess a "Strike" or find the dismissal a "Prior Occasion" pursuant to 28 U.S.C.1915 (g).

- CIV-19-142-RAW-SPS
- VIOLATION OF FIRST AMENDMENT FREEDOM OF SPEECH
- PENDING
- No "Strike" (Still Pending)

## VIII.  PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct.  To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_____        _____04/14/20_____
*Plaintiff's Signature*                                    *Date*

I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the 14th day of April , 20 20 .

_____        _____
*Plaintiff's Signature*                                    *Date*

( ADDITIONAL LIST OF DEFENDANT(S), AND ADDITIONAL
CLAIM COUNT(S), AND ADDITIONAL DECLARATION(S)
ATTACHED AS A PART OF THIS COMPLAINT )

LIST OF DEFENDANT(S) CONTINUED —

INDIVIDUAL AND OFFICIAL CAPACITIES ASSIGNED —

AND ADDITIONAL JURISDICTIONS THAT

THIS FEDERAL COMPLAINT IS BROUGHT FORTH

IN AUTHORITY UNDER —

AND PLAINTIFF'S PHYSICAL INJURIES

Defendant 6: MAJOR (First Name Unknown) BROWN
　　　　　　　　Full Name

Rank of Major, Davis Correctional Facility
　　　　　　Current Job Title

Davis Correctional Facility, 6888 East 133rd Road
　　　　　　Current Work Address

Holdenville, Oklahoma　　　　　74848
City　　　　　State　　　　　　Zip Code

Defendant 7: DONNIE ANDERSEN

Inspector General, State of Oklahoma, Dept. Corrections
　　　　　　Current Job Title

UNKNOWN
Current Work Address

UNKNOWN　　　Oklahoma　　　UNKNOWN
City　　　　　State　　　　　Zip Code

# LIST OF DEFENDANT(S) CONTINUED

Defendant 8: MARTY GARRISON
       Full Name

Agent Of The Office Of The Inspector General, Oklahoma
       Current Job Title

       UNKNOWN
       Current Work Address

UNKNOWN    ,  Oklahoma        UNKNOWN
City             State          Zip Code

Defendant 9: RANDY KNIGHT
       Full Name

Internal Affairs Officer , Davis Correctional Facility
       Current Job Title

Davis Correctional Facility, 6888 East 133rd Road
       Current Work Address

Holdenville  ,  Oklahoma        74848
City             State          Zip Code

Defendant 10: JOE ALLBAUGH

Director , Oklahoma Department of Corrections
       Previous Job Title

P.O. Box 11400
       Previous Work Address

Oklahoma City  ,  Oklahoma      73136
City               State         Zip Code

LIST OF DEFENDANT(S) CONTINUED

Defendant 11: CORE CIVIC CORPORATION
          Full Name

Employer of defendant Warden YATES (policy maker
of CORE CIVIC CORPORATION Davis Correctional
Facility), Employer of defendants ADEA, BROWN,
LARIMER, SANFORD, and KNIGHT; Private Sub-
Contracted Company For Davis Correctional Facility
Oklahoma Dept. of Corrections
          Current Job Title

Davis Correctional Facility, 6888 East 133rd Road
          Current Work Address

Holdenville,        Oklahoma              74848
City                State                Zip Code


CAPACITIE(S) EACH DEFENDANT IS BEING SUED

1. JAMES YATES, whom is not a state employee, but
a private employee, under sub-contract, is being
sued in both his INDIVDUAL and OFFICIAL CAPACITY.

2. Defendant ADEA is being sued in both
her INDIVIDUAL and OFFICIAL CAPACITY.

3. RAY LARIMER is being sued in both his
INDIVIDUAL and OFFICIAL CAPACITY.

CAPACITIE(S) EACH DEFENDANT IS BEING SUED
CONTINUED

4. SANDRA SANFORD is being sued in both her INDIVIDUAL and OFFICIAL CAPACITY.

5. Defendant Lt. SANDERS, whom is a state employee, is being sued in his INDIVIDUAL CAPACITY.

6. Defendant Major BROWN is being sued in both his INDIVIDUAL and OFFICIAL CAPACITY.

7. DONNIE ANDERSEN, whom is a state employee, is being sued in his INDIVIDUAL CAPACITY.

8. MARTY GARRISON, whom is a state employee, is being sued in his INDIVIDUAL CAPACITY.

9. RANDY KNIGHT is being sued in both his INDIVIDUAL and OFFICIAL CAPACITY.

10. JOE ALLBAUGH, whom is a state employee, is being sued in his INDIVDUAL CAPACITY.

11. CORE CIVIC CORPORATION, which is not a state entity, but is a private [sub-contracted] company is being sued in both INDIVIDUAL and OFFICIAL CAPACITY.

ADDITIONAL   JURISDICTION(S)

In Addition To 42 USC § 1983, The Plaintiff
Brings Forth This Federal Civil Rights Complaint
Under The Following Federal Authorite(s):

42 USCA § 1985 - Conspiracy Against Rights
1591   18 USCA § 241 - Conspiracy Against Rights
1649   18 USCA § 242 - Deprivation Of Rights
Under Color of Law

PLAINTIFFS
PHYSICAL   INJURIES

1. As a direct result of the defendant(s) unlawful
conduct under CLAIM(2)/CLAIM(5)/, I contracted
multiple staph infection(s) (known as MRSA,
Methicillin-Resistant Staphylococcus Aureus) upon my
feet and legs, which were so painfully infected with
open sores of blood and puss, that I could not
walk properly, but was only able to limp.

2. As a direct result of the defendant(s) unlawful
conduct under CLAIM(2)/CLAIM(6)/CLAIM(9)/, I

5

PLAINTIFF'S PHYSICAL INJURIES CONTINUED

2. CONTINUED

contracted multiple staph infection(s) (known as MRSA, Methicillin-Resistant Staphylococcus Aureus) upon my feet and body, which were so painfully infected with open sores of blood and puss, that I could not walk properly, but I was only able to limp. Additionally, as a direct result of the defendant's unlawful conduct under CLAIM (9), I developed ongoing severe hemmorhoids, (from being unable to shower properly), which were so painfully debilatating that I could not sit down upon my buttocks, and I could only lie down, upon my side.

3. As a direct result of the defendant(s) unlawful conduct under CLAIM (2)/CLAIM (8), I have permanent lower-back spine damage and pain, I can not stand up completely straight for long

7

PLAINTIFF'S PHYSICAL INJURIES CONTINUED

3. CONTINUED

time period(s), I have permanent debilitating damage
and pain to my knee joints and tendons, and,
I have developed early onset arthritis. All of these
permanent, painfully debilitating injuries are
directly as a result of being deprived of regular
OUTSIDE OF CELL EXERCISE and normal OUTSIDE
OF CELL MOVEMENT ACTIVITY, for such a long
18 month duration, while I was housed at Davis
Correctional Facility Supermaximum Security
Segregation Unit, being committed by the
defendant(s) against myself.

The actual, compensatory, and punitive damages
relief requested, as well as the injunctory relief
requested, is directly pursuant to the multiple
physical and mental injuries that I have sustained
as a result of all ten CLAIM COUNT(S).

8

ADDITIONAL LIST OF DEFENDANT(S)

Defendant 12 : (JANE OR JOHN DOE) UNKNOWN
                        Full Name

Chief Classification Placement Supervisor [Whom Approved
For The Plaintiff To Be Transferred From Mack Alfred
Correctional Facility To Davis Correctional Facility
Supermaximum Security Segregation Unit ]
                Previous/Current Job Title

Mack Alfred Correctional Facility , P.O. Box 220
            Previous/Current Work Address

Stringtown , Oklahoma              74569
City                   State          Zip Code

Defendant 13 : (JANE OR JOHN DOE) NAME UNKNOWN
                        Full Name

Chief Classification Placement Supervisor [Whom Made
The Final Approval For The Plaintiff To Be Transferred
From Mack Alfred Correctional Facility To Davis
Correctional Facility Supermaximum Security
Segregation Unit ]
                Previous/Current Job Title

LEXINGTON ASSESSMENT AND RECEPTION CENTER
CLASSIFICATION DIVISION
            Previous/Current Work Address

Lexington          ,  Oklahoma          UNKNOWN
City                   State          Zip Code

ADDITIONAL LIST OF CAPACITIES SUED

12. As 'Defendant 12' (JANE OR JOHN DOE) was a state employee, 'Defendant 12' is being sued in INDIVIDUAL CAPACITY.

13. As 'Defendant 13' (JANE OR JOHN DOE) was a state employee, 'Defendant 13' is being sued in INDIVIDUAL CAPACITY.

Defendant(s) '12' and '13' above, are both being sued as defendants under CLAIM COUNT (4).

* Upon all (10) ten CLAIM COUNT(s) within this Amended Complaint, I Paul Roppolo exhausted all administrative remedies that were available to myself, to the best of my ability.

## LIST OF CLAIM COUNT(S) CONTINUED

**E. CLAIM (5) DENIAL OF ADEQUATE SHELTER**
= Violation of 8TH Amendment - Cruel And Unusual Punishment
Against defendant(s) YATES, ADEA, BROWN, KNIGHT,
GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC CORP.

Date of Occurrence: During the month of December 2017.

Place of Occurrence: Davis Correctional Facility, Supermaximum Security Segregation Unit, Holdenville OK.

FACTS: The above defendants coordinated in agreement and action together to both order and knowingly allow the guards on my Unit to place myself to be physically housed within a cell that was flooded and contaminated with sewage, human feces, and human vomit. This cell condition was knowingly allowed to persist upon myself for a period of (3) three weeks.
See DECLARATION THREE

**F. CLAIM (6) DENIAL OF ADEQUATE SANITATION**
= Violation of 8TH Amendment - Cruel And Unusual Punishment
Against defendant(s) YATES, ADEA, BROWN, KNIGHT,

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM (6) CONTINUED

GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC CORP.

Date of Occurrence: During the month of December 2017, during the same (3) week period as CLAIM (5).

Place of Occurrence: Within my cell at Davis Correctional Facility, Supermaximum Security Segregation Unit, Holdenville OK.

FACTS: Upon my arrival at D.C.F., once I was placed within the sewage, human feces, and human vomit contaminated cell, the above defendants coordinated in agreement and action together to all order and ensure that their staff refused to provide myself any cleaning supplies, in order to properly remove the human waste from my cell.

See DECLARATION THREE

G. CLAIM (7) DENIAL OF ADEQUATE REASONABLE SAFETY

Violation of 8TH Amendment - Cruel And Unusual Punishment

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM (7) CONTINUED

Against defendant(s) YATES, ADEA, BROWN, KNIGHT,
GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC CORP.

Date(s) of Occurrence: From December 2017 unto my
July    2019 release From D.C.F. (Approximately 18 Months)

Place of Occurrence: At Davis Correctional Facility,
Supermaximum Security Segregation Unit, Holdenville OK.

FACTS: Upon my arrival at D.C.F. and continuing
throughout my 18 month incarceration, the above defendants
coordinated in agreement together to both order and
knowingly allow defendant ADEA to Falsely verbally yell
out to my Unit prisoner(s) - the False allegation against
myself to be a "snitch", while, the above defendants
simultaneously coordinated in agreement and action
together - to order and allow the prisoners who then
desired to severly injure or kill myself as a result
of the False "snitch" allegation - to possess knives or

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM COUNT (7) CONTINUED

shanks and to be enabled to unlock their own cell doors at will, for the very purpose to intentionally cause my physical life and safety in serious harm and jeopardy, as the above defendants knowingly ordered their Unit guards to refuse to physically intervene or protect myself from the other prisoner(s)' imminent physical attack against myself, upon the event that I ever was 'escorted' by the guards while handcuffed to be taken to the outside-of-cell shower or to the outside-of-cell Exercise Room. See DECLARATION(S) TWO, FOUR, FIVE, SIX

**H.** CLAIM COUNT (8) DENIAL OF ADEQUATE OUTSIDE OF CELL EXERCISE - FOR A PRISONER UNDER SEGREGATION HOUSING

Violation Of The 8TH Amendment - Cruel And Unusual Punishment

14

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM COUNT (8) CONTINUED

Against defendants YATES, ADEA, BROWN, KNIGHT, GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC CORP.

Date(s) Of Occurrence: From December 2017 unto my July 2019 release from D.C.F. (Approximately 18 Months)

Place Of Occurrence: At Davis Correctional Facility, Supermaximum Security Segregation Unit, Holdenville OK.

FACTS: Shortly after my arrival at D.C.F. and continuing throughout my 18 month incarceration, upon the above defendants purposefully committing the act(s) and ommission(s) against myself in CLAIM COUNT (7), this directly caused myself to suffer a deprivation of OUTSIDE OF CELL EXERCISE, whereupon I was only able to attain (4) four hours of OUTSIDE OF CELL EXERCISE, during my entire 18 month incarceration at D.C.F., which was one of all of the above defendant(s)' collectively coordinated agreed upon deprivation(s)

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM COUNT (8) CONTINUED

to knowingly, willfully, and purposefully render

upon myself.

See DECLARATION TWO, FOUR, FIVE, SIX

I. CLAIM COUNT (9) DENIAL OF ADEQUATE

BASIC HYGIENE (DENIAL OF A LAWFULLY ADEQUATE

NUMBER OF WEEKLY SHOWERS - FOR A PRISONER

UNDER SEGREGATION HOUSING)

Violation of The 8TH Amendment - Cruel And Unusual Punishment

Against defendants YATES, ADEA, BROWN, KNIGHT,

GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC CORP.

Date(s) of Occurrence: From December 2017 unto my

July 2019 release from D.C.F. (Approximately 18 Months)

Place of Occurrence: At Davis Correction Facility

Supermaximum Security Segregation Unit, Holdenville OK.

FACTS: Shortly after my arrival at D.C.F. and

continuing throughout my 18 month incarceration, upon the

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM COUNT (9) CONTINUED

above defendants purposefully committing the act(s)

and omission(s) against myself in CLAIM COUNT(7),

this directly caused myself to suffer a deprivation of

WEEKLY SHOWER ACCESS, whereupon I was only

able to attain (4) four SHOWERS OUTSIDE OF CELL,

during my entire 18 month incarceration at D.C.F.,

which was one of all of the above defendant(s)'

collectively coordinated agreed upon deprivation(s) to

knowingly, willfully, and purposefully render upon

my self.

See DECLARATION TWO, FOUR, FIVE, SIX


J. CLAIM COUNT (10) DENIAL OF ADEQUATE
CLOTHING

Violation Of The 8TH Amendment- Cruel And Unusual Punishment

Against defendants YATES, ADEA, BROWN, KNIGHT,

17

LIST OF CLAIM COUNT(S) CONTINUED

CLAIM COUNT (10) CONTINUED

GARRISON, ANDERSEN, ALLBAUGH, CORE CIVIC CORP.

Date(s) OF Occurrence: From December 2017 unto my

July   2019 release From D.C.F. (Approximately 18 Months)

Place OF Occurrence: At Davis Correctional Facility

Supermaximum Security Segregation Unit, Holdenville OK.

FACTS: Upon my arrival at D.C.F. and continuing

throughout my 18 month incarceration, the above defendants

coordinated in agreement together to both order and

knowingly allow the Unit guards to urinate upon and

smear human feces within my weekly-change out of

prison clothes. This deprivation caused myself to

attempt to 'self-clean' my prison shirt and pants

within the confines of my cell.

See DECLARATION(S) TWO and SIX